IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALLISON PASKAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. ) |
| SQUARE, INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, ALLISON PASKAL, by and through counsel, and files Plaintiff's Complaint against Defendant SQUARE, INC. In Support, thereof, Plaintiff states:

## INTRODUCTION

(1) Plaintiff brings suit for a violation of Title VII of the Civil Rights Act (Title VII), more specifically racial discrimination, and The Age Discrimination in Employment Act (ADEA) and discrimination under the Missouri Human Rights Act. Plaintiff filed a joint Charge of Discrimination on July 2, 2021 and received a right to sue letter dated January 4, 2022 and brings this action within ninety (90) days of January 4, 2022.

## JURISDICTION

(2) This Court has original jurisdiction under Title VII of the Civil Rights Act of 1964.

## VENUE

(3) Venue is proper in this judicial district under 28 USCA § 1391(b)(2) as Plaintiff was employed by Defendant Square in St. Louis, Missouri throughout her employment with Defendant Square until the time of her termination and at all times herein.

## PARTIES

(4) Plaintiff at all relevant times resided in and was is a resident of Eastern District of Missouri.

(5) Defendant, Square, Inc., ("Square"), is a Delaware Corporation with an office in the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

(6) Plaintiff commenced working for Square on November 11, 2019 at Square's office in St. Louis, Missouri.

(7) on April 20, 2021 Plaintiff was discharged without notice, furthermore, Plaintiff was never advised of any deficiencies in her work product nor was Plaintiff ever placed on a Personal Improvement Plan ("PIP").

(8) As recently as March 22, 2021, Plaintiff was informed by her manager that her work was satisfactory, and she was making a positive impact on the business.

(9) Plaintiff is a Caucasian female over the age of forty (40) years of age.

(10) During Plaintiff's tenure with Defendant Square, African-American employees and employees under the age of 40 were provided with PIPs prior to any negative employment actions.

## COUNT I
### *(Discrimination Based Upon Age)*

(11)   Plaintiff re-alleges and incorporates by reference each and every allegation previously set forth herein.

(12)   Plaintiff was terminated by Defendant Square without any notice of deficiency in her work, Plaintiff was not offered a PIP. Other employees under the age of forty years old, prior to a negative employment action were advised of any work deficiency and provided to participate in a PIP in an attempt to rectify any deficiency in the employee's job performance.

(13)   Defendant Square discriminated against Plaintiff by treating her differently than employees under the age of forty years of age.

(14)   As a result of the discriminatory actions of Defendant Square, Plaintiff suffered damages, including, but not limited to front pay, loss of back pay, loss of stock options (in the amount in excess of $500,000) and diminished standing in Plaintiff's professional career.

WHEREFORE, Plaintiff prays for a judgement in her favor and against Defendant Square in an amount in excess of $500,000 (loss of stock options), front pay, back pay, emotional distress, attorney fees, and any other relief this Court deems necessary and proper.

## COUNT II
### *(Discrimination Based Race)*

(15)   Plaintiff re-alleges and incorporates by reference each and every allegation previously set forth herein.

(16) Plaintiff was terminated by Defendant Square without any notice of deficiency in her work, Plaintiff was not offered a PIP. Employees that were African American, prior to a negative employment action were advised of any work deficiency and provided to participate in a PIP in an attempt to rectify any deficiency in the employee's job performance.

(13) Defendant Square discriminated against Plaintiff by treating her differently than employees of different races.

(14) As a result of the discriminatory actions of Defendant Square, Plaintiff suffered damages, including, but not limited to front pay, loss of back pay, loss of stock options (in the amount in excess of $500,000) and diminished standing in Plaintiff's professional career.

WHEREFORE, Plaintiff prays for a judgement in her favor and against Defendant Square in an amount in excess of $500,000 (loss of stock options), front pay, back pay, emotional distress, attorney fees, and any other relief this Court deems necessary and proper.

RESPECTFULLY SUBMITTED,

SWIECICKI & MUSKETT, LLC

By: /s/ Christopher S. Swiecicki
Christopher S. Swiecicki #38402MO
16100 Chesterfield Parkway W, Suite 368
Chesterfield, MO 63017
636.778.0209 Office
314.341.5796 Cell
636.238.4358 Fax
Chris@SwiecickiLaw.com
Attorney for Plaintiff